224 F.3d 1076 (9th Cir. 2000)
 LOS ANGELES ALLIANCE FOR SURVIVAL; LOS ANGELES COALITION TO END HUNGER AND HOMELESSNESS; JERRY RUBIN, Plaintiffs-Appellees,
v.
CITY OF LOS ANGELES; RICHARD J. RIORDAN, Mayor of the City of Los Angeles, in his official capacity; BERNARD PARKS, Chief of Police for the City of Los Angeles, in his official capacity, Defendants-Appellants.
 No. 97-56742
 
 Office of the Circuit Executive
 U.S. Court of Appeals for the Ninth Circuit
 Argued and Resubmitted July 25, 2000--San Francisco, California
 Filed September 22, 2000
 COUNSEL: Peter Eliasberg, ACLU, Los Angeles, California, for the plaintiffs-appellees.
 Deborah Sanchez, Deputy City Attorney, Los Angeles, California, for the defendants-appellants.
 Appeal from the United States District Court for the Central District of California Richard A. Paez, District Judge, Presiding D.C. No. CV 97-06793 RAP
 Before: Betty B. Fletcher, David R. Thompson and M. Margaret McKeown, Circuit Judges.
 
 ORDER
 
 1
 We affirm the district court's grant of a preliminary injunction barring enforcement of Los Angeles Ordinance No. 171664, codified as Los Angeles Municipal Code S 4159, and remand for further proceedings.
 
 
 2
 The district court's grant of the preliminary injunction was premised in part on a prior Ninth Circuit decision, Carreras v. City of Anaheim, 768 F.2d 1039 (9th Cir. 1985), in which we held that under the California constitution's liberty of speech clause regulation of solicitation was content based. In the case at hand, we concluded that Carreras' reading of the California constitution was not based on a decision of the highest court of California, and certified to the California Supreme Court the question of whether regulation of solicitation was content based under the California constitution. See Los Angeles Alliance for Survival v. City of Los Angeles, 157 F.3d 1162 (9th Cir. 1998). The California Supreme Court answered that under California law such regulation is content neutral. See Los Angeles Alliance for Survival v. City of Los Angeles, 993 P.2d 334 (Cal. 2000). We adhere to the California Supreme Court's rulings on California law.
 
 
 3
 However, even though an ordinance regulating solicitation is content-neutral, whether the ordinance in certain aspects and applications infringes upon the right to free speech raises other serious questions. Because the balance of hardships tips sharply in the appellees' favor and the appellees would be irreparably injured absent the preliminary injunction, we affirm the preliminary injunction and remand for further proceedings. See United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992).
 
 AFFIRMED